IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER OWENS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:18-cv-2540-PX |
| WELLS FARGO BANK, *et al.*, | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Navient Solutions, LLC ("Navient")'s motion to dismiss (ECF No. 26) and Plaintiff Christopher Owens' motion for leave to file an amended complaint. ECF No. 35.[1] The motions are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the reasons that follow, the Court grants Owens' motion and denies Navient's motion as moot.

In August 2018, Owens filed suit in the Circuit Court for Baltimore City, Maryland, asserting claims related to his allegedly inaccurate credit reports. ECF No. 1-2. Owens purported to be acting pro se, but his Complaint and conduct suggested that the action was, in reality, being prosecuted by another individual, Thomas Alston, who has ghostwritten previous pleadings in other cases. *See id*. at 15; ECF No. 26 at 2–4; *Alston v. Experian Info. Sols., Inc.*, ECF No. PJM 15-3558, 2016 WL 4555056, at *8 (D. Md. Aug. 31, 2016). Additionally, Owens did not sign the Complaint. ECF No. 1-2 at 15.

On August 17, 2018, Defendant Trans Union, LLC removed this case to this court. One month later, Navient moved to dismiss the Complaint, arguing the lack of signature violated

---

[1] Also pending before the Court is Defendant Equifax Information Services, LLC ("Equifax")'s motion to dismiss. ECF No. 10. However, because Plaintiff voluntarily dismissed Equifax (ECF Nos. 31–32), the Court denies the motion as moot.

Federal Rule of Civil Procedure 11 and Maryland Rule 1-311. ECF No. 26 at 1. Navient also submitted evidence that Alston was attempting to represent Owens. *Id.* at 2–4.

Owens subsequently retained counsel. ECF No. 33. Counsel has now moved to amend and add counsel's signature to the Complaint. ECF No. 35-2 at 13. Courts "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave may be denied, however, when allowing amendment would "be prejudicial to the opposing party, when the moving party has acted in bad faith or with a dilatory motive, or when the amendment would be futile." *Arora v. James*, 689 F. App'x 190, 190 (4th Cir. 2017) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)) (internal quotation marks omitted).

No Defendant has opposed the motion to amend. Because the proposed Amended Complaint corrects the identified deficiencies, the Court will grant Owens' motion. *See Thomas v. Delmarva Power & Light Co.*, No. RDB-15-0433, 2016 WL 374076, at *3 (D. Md. Feb. 1, 2016); *cf. Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999).

Accordingly, it is this 6th day of May 2019, by the United States District Court for the District of Maryland, ORDERED that:

1. The Motions to Dismiss filed by Defendants Equifax Information Services, LLC (ECF No. 10) and Navient Solutions, LLC (ECF No. 26) BE, and the same hereby ARE, DENIED AS MOOT;

2. The Motion for Leave to File an Amended Complaint (ECF No. 35) filed by Plaintiff Christopher Owens BE, and the same hereby IS, GRANTED; and

3. The Clerk shall TRANSMIT copies of this Memorandum Opinion and Order to

counsel for the parties.

5/6/2019 /S/
Date Paula Xinis
United States District Judge